IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARMAN S. MORRISON,

      Plaintiff,

v.                                          CASE NO. 1:08-cv-00037-MP-AK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 16, Motion for Attorneys' Fees Pursuant to 42

U.S.C. § 406(b)(1), filed by the plaintiff, Sharman S. Morrison.  In the motion, Plaintiff's

counsel, Mr. N. Albert Bacharach, Jr., requests that the Court approve his and his client's March

29, 2005, contingency fee contract, which provides for a § 406(b) fee of 25 percent of past-due

benefits minus any § 406(a) fee awarded to Mr. Bacharach for his representation of Plaintiff at

the administrative level.  Defendant has filed a response to the motion (Doc. 17) stating that the

Commissioner is unopposed to the Court's award of a § 406(b) fee but is unable to assess

whether the amount requested constitutes an impermissible windfall, due to Mr. Bacharach's

failure to provide any documentation of the hours spent on this case and his normal hourly rate.

      As to the amount of the requested fee, the Court must make an independent determination

of the reasonableness of any fee awarded pursuant to § 406(b).  See Gisbrecht v. Barnhart, 535

U.S. 789, 807-808 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee

not exceeding 25 percent of past-due benefits and should consider the character of the

representation and the results the representation achieved in determining the reasonableness of a

contingency fee agreement). When analyzing the nature of an attorney's representation, the Court gives great weight to the written agreement between a plaintiff and his or her attorney, taking into consideration the length of the representation and the contingent nature of the requested fee. Usually, those factors will, when considered in light of the results achieved, weigh against a finding that the requested fee amounts to an impermissible windfall for the attorney.

Here, however, the Commissioner would have the Court focus primarily on the attorney's equivalent hourly rate in this case. Due to the nature of contingency fees, the equivalent hourly rate of a contingency fee in any given case is, generally, higher than an attorney's normal hourly rate, so it is not unexpected that it is the factor most often cited by the Commissioner in opposition to an attorney's requested § 406(b) fee. Mr. Bacharach has, in previous cases before this Court, made a practice of providing the number of hours spent on a plaintiff's case when requesting a § 406(b) fee. Very often, that disclosure is then used by the Commissioner to argue that the requested fee constitutes a windfall. If Mr. Bacharach's failure to provide that information in this case was motivated by a desire to highlight the importance of other factors relevant to the determination of whether the requested fee is reasonable, the Court can appreciate the sentiment. Although it is not the most important factor to consider, however, the Court does not think it appropriate to completely overlook the number of hours actually worked on each case. When requesting a § 406(b) fee before this Court, parties should therefore make it a practice to disclose the number of hours worked on a case, along with a statement of the

attorney's normal hourly rate.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Mr. Bacharach is directed to submit to the Court, on or before Thursday, July 23, 2009, a record of the hours spent representing Plaintiff in this case and a statement of his normal hourly rate.  Defendant is not required to submit a response but may do so on or before Thursday, July 30, 2009.

**DONE AND ORDERED** this *17th* day of July, 2009

*s/Maurice M. Paul*
_____
Maurice M. Paul, Senior District Judge