IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARMAN S MORRISON,

    Plaintiff,

v.                                                               CASE NO. 1:08-cv-00037-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 19, Response by Sharman S Morrison to the this Court's July 17, 2009 order, Doc. 18, requesting Plaintiff's counsel provide his hours worked on the case and his normal hourly rate. The Court must make an independent determination of the reasonableness of any fee awarded pursuant to § 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not exceeding 25 percent of past-due benefits and should consider the character of the representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement). When analyzing the nature of an attorney's representation, the Court gives great weight to the written agreement between a plaintiff and his or her attorney, taking into consideration the length of the representation and the contingent nature of the requested fee. Usually, those factors will, when considered in light of the results achieved, weigh against a finding that the requested fee amounts to an impermissible windfall for the attorney. However, to determine whether or not a contingency fee award would be an impermissible windfall, one factor is the equivalent hours worked and hourly rate.

Plaintiff timely provided the hourly rate and hours worked, Doc. 19, along with the appropriate affidavits and supporting documentation. Doc. 19 provides that Plaintiff's counsel worked 6.3 hours on the case, and his 2007 hourly rate was $575 per hour. The requested 406(b)(1) 25% contingency fee is $3,601.00, which is less than 6.3 hours of work billed at $575 per hour. Defendant did not object to the final calculation of fees and hours. The Court finds the contingency fee award would not constitute an impermissible windfall, and it is therefore

**ORDERED AND ADJUDGED:**

1. The Motion for Attorney's Fees, Doc. 16, is GRANTED. Pursuant to 42 U.S.C.A. § 406(b), Plaintiff's attorney, Mr. Bacharach, is awarded fees in the amount of $3,601.00. Defendant is ordered to pay the fee from Plaintiff's past-due benefits being held by Defendant.

**DONE AND ORDERED** this   *18th*  day of August, 2009

  *s/Maurice M. Paul*  
Maurice M. Paul, Senior District Judge